UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Somer French, | Case No. 23-cv-1932 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Selene Finance LP, | |
| Defendant. | |

---

Plaintiff Somer French previously was ordered to submit an amended complaint to address legal and factual deficiencies identified in the original complaint. (Dkt. 3). Having complied with that Order, this matter is now before this Court for review of French's Amended Complaint, (*see* Amend. Comp., Dkt. 4), and *in forma pauperis* ("IFP") application, (Dkt. 2), pursuant to 28 U.S.C. § 1915(e).

Having reviewed of the IFP application, the Court concludes that French qualifies financially for IFP status. An IFP application will be denied and an action will be dismissed, however, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

When reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a pro se party's complaint is construed liberally, it must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

French alleges that on May 28, 2010, she originated a mortgage with Wells Fargo Bank. (Amend. Comp. ¶ 7.) According to French, that mortgage has been sold three times, most recently on September 12, 2022, to Defendant Selene Finance LP ("Selene Finance"). (*Id.* ¶¶ 8-9.) On April 6, 2023, French contends, she received correspondence from Liebo, Weingarden, Dobie and Barbee PLLP ("Liebo") advising her that Liebo, on behalf of Selene Finance, was going to foreclose on her home at 723 Sheridan Ave N, Minneapolis, MN 55411. (*Id.* ¶ 10.) In response, French disputed the debt in a certified letter sent to Selene Finance with a return receipt requested. In response, Selene Finance advised that Wells Fargo was the original creditor and provided a copy of the mortgage note. (*Id.* ¶¶ 10-12.) French alleges that she responded with a "cease and desist" notice to Selene Finance

2

and Liebo, in accordance with 15 U.S.C. § 1692c(c), to terminate the foreclosure sale scheduled for June 15, 2023, but they proceeded with the sale, nonetheless. (*Id.* ¶¶ 13-14.)

French claims that upon her review of her original mortgage paperwork from Wells Fargo, she discovered that Wells Fargo "failed to give [her] accurate information when [she] entered into the credit transaction." (*Id.* ¶¶ 16-17.) Without providing any detail, French contends that "Wells Fargo Bank did not give [her] proper disclosure of the amount financed, finance charge, APR, or [her] right to rescission." (*Id.* ¶ 17.) French alleges that she was given improper disclosure of the finance charge pursuant to 15 U.S.C. § 1605(f) and she was never provided notice of her right to rescind pursuant to 15 U.S.C. § 1635(a). (*Id.* ¶¶ 18-19.) She further claims that, pursuant to 15 U.S.C. § 1635(i)(2), "the consumer may exercise [her] right of rescission because the finance charge varies from the actual finance charge of more than $35." (*Id.* ¶ 20.) French requests that the Court void the loan, reverse the foreclosure and foreclosure sale, and grant her the property's title and deed free and clear. French also seeks the deletion of any negative reports to consumer reporting agencies and compensatory damages.

Wells Fargo, however, is not a defendant to this action, and not one of the facts alleged suggests that Selene Finance is responsible for Wells Fargo's purportedly unlawful conduct. For this reasons, dismissal is warranted.

Even if French properly named Selene Finance or Wells Fargo as the defendant to this action, the Amended Complaint fails to establish a plausible cause of action for the following reasons. The core of French's claims stem from the Truth in Lending Act ("TILA"). Pursuant to Section 1635(a) of the TILA, "the borrower has a right to rescind

3

the transaction until the third business day after the transaction is consummated or the lender delivers information and disclosures required by the Act, whichever is later." *Beukes v. GMAC Mortgage, LLC*, 786 F.3d 649, 651 (8th Cir. 2015) (citing 15 U.S.C. § 1635(a)). If the lender never makes the required disclosures, "the borrower's right to rescind expires three years after the date of the consummation of the transaction." *Id.* (citing 15 U.S.C. § 1635(f)).

The "transaction" at issue here is the consummation of French's mortgage with Wells Fargo, an event that occurred in May 2010. (Amend. Comp. ¶ 7.) As an initial matter, French failed to plead any facts establishing that the TILA "right to rescind" provisions apply to her loan. *See* 15 U.S.C. § 1635(e)(1) (explaining that the right to rescind does not apply to a "residential mortgage transaction" as defined under section 1602(w) of this title"); 12 C.F.R. § 226.23(f)(1) (explaining that the right to rescind does not apply to residential mortgage transactions). Moreover, French alleges that she disputed the debt in 2023, well outside the 3-year limitations period. Thus, to the extent that French seeks to enforce her right to rescind under the TILA, that right has expired. Accordingly, even if Wells Fargo failed to properly disclose the finance charges owed under the mortgage agreement, an allegation that is entirely conclusory, and even if French's mortgage agreement were subject to recission under TILA, which it is not, the claim would be untimely and, therefore, still subject to dismissal under Section 1915(e)(2)(B).

French also alleges that Selene Finance proceeded with the foreclosure sale of her home even though she mailed Selene Finance a "cease and desist" letter in accordance with

4

15 U.S.C. § 1692c(c) of the Fair Debt Collections Practices Act ("FDCPA").[1] (Amend. Comp. ¶ 13.)   With three exceptions, Section 1692c(c) "bars a debt collector from communicating directly with a consumer regarding a debt after a consumer sends the debt collector a cease communications directive." *Drechen v. Rodenburg, LLP*, No. 22-cv-705 (JRT/LIB), 2022 WL 17543056, at *8 (D. Minn. Dec. 8, 2022).  One exception allows the debt collector "to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."  15 U.S.C. § 1692c(c)(3).  But French failed to allege any facts establishing, at a minimum, *how* Selene Finance violated 15 U.S.C. § 1692c(c) by proceeding with the foreclosure sale after French mailed the "cease and desist" letter.  For this reason, French has failed to plead sufficient facts to establish a plausible cause of action under that statute.  French's Amended Complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and French's IFP application, (Dkt. 2), is denied as moot.

---

[1] French's original complaint alleged that Selene Finance violated several other provisions of the FDCPA.  (*See* Dkt. 1).  Although United States Magistrate Judge John Docherty questioned whether French properly articulated a plausible FDCPA claim against Selene Finance in the Order directing French to submit an amended complaint, it appears that French has abandoned those claims.  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes [sic] an original complaint and renders the original complaint without legal effect.").

**ORDER**

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Amended Complaint of Plaintiff Somer French, (Dkt. 4), is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The *In Forma Pauperis* Application of Plaintiff Somer French, (Dkt. 2), is **DENIED AS MOOT.**

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 2, 2023                     s/ Wilhelmina M. Wright
                                          _____
                                          Wilhelmina M. Wright
                                          United States District Judge